Patrick Francis CUMMINGS,
Petitioner—Appellant,

v.

Darrel G. ADAMS, Warden; et al.,
Respondents—Appellees.

No. 04–17058.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 15, 2006.

Decided March 22, 2006.

Patrick Francis Cummings, Corcoran, CA, Fay Arfa, Esq., A Law Corporation, Los Angeles, CA, for Petitioner–Appellant.

Doris A. Calandra, Esq., California Attorney General's Office, Sacramento, CA, for Respondents–Appellees.

Before: REINHARDT, PAEZ, and TALLMAN, Circuit Judges.

### MEMORANDUM *

Patrick Cummings appeals the denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Cummings was convicted of conspiracy to commit assault with a deadly weapon, conspiracy to commit extortion, kidnaping, kidnaping for extortion, and first degree murder. This court has jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Because Cummings's federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act, a federal court may grant habeas relief if the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Denial of a habeas petition is reviewed de novo. *Shackleford v. Hubbard,* 234 F.3d 1072, 1077 (9th Cir.2000). Where, as here, the California Supreme Court denied review of Cummings's claims without explanation, we look to the last reasoned state court decision in conducting our habeas review. *Id.* at 1079, n. 2. The relevant opinion in this case is the unpublished decision by the California Court of Appeal in *People v. Foley,* No's C022388, C022361 (Cal.Ct.App. Oct. 1, 1999).

Cummings raises several habeas claims. First, he argues that the trial court erred when it failed to instruct the jury *sua sponte* on the lesser included offense of voluntary manslaughter. This court has held that the "[f]ailure of a state court to instruct on a lesser offense fails to present a federal constitutional question and will not be considered in a federal habeas corpus proceeding." *Bashor v. Risley,* 730 F.2d 1228, 1240 (9th Cir.1984) (internal quotation marks omitted). Petitioner has not demonstrated, therefore, a violation of a federal constitutional right that would permit the granting of habeas relief.

Second, Cummings claims that the trial court erred by failing to instruct the jury *sua sponte* on when a kidnaping ends. Cummings's theory of defense was that the kidnaping of the victim ended before the victim's death and therefore petitioner could not be convicted of felony murder under California law. *See People v. Thompson,* 50 Cal.3d 134, 171, 266 Cal. Rptr. 309, 785 P.2d 857 (1990) (holding that a felony murder conviction requires the underlying felony and the killing to be part of a "continuous transaction"). The California Court of Appeal rejected this argument, concluding that the jury had been properly instructed on the general principles of law relevant to the kidnaping charge, and that the trial court was under no obligation to give this type of clarifying or pinpoint instruction absent a specific request by the defense.

"An appraisal of the significance of an error in the instructions to the jury requires a comparison of the instructions which were actually given with those that should have been given." *Henderson v. Kibbe,* 431 U.S. 145, 154, 97 S.Ct. 1730, 52

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

L.Ed.2d 203 (1977). Cummings's jury was instructed on all the elements of kidnaping as well as the defense of consent. In light of the court's jury instructions and Cummings's failure to demonstrate that the omitted instruction rendered his trial fundamentally unfair or prevented him from presenting an adequate defense, we conclude that the state appellate court's decision was not an unreasonable application of clearly established federal law.

 Third, Cummings argues that the trial court violated his due process rights when the court improperly sanctioned the defense with an adverse jury instruction based upon an alleged discovery violation. The California Court of Appeal held that in giving this instruction, the trial court erred, but concluded that the error was not prejudicial. We agree that in light of the substantial evidence of guilt presented at trial, the improper instruction did not have an adverse effect on the jury's verdict. The district court properly rejected this argument.

Fourth, Cummings contends that his convictions for conspiracy, kidnaping, and first degree murder were not supported by the evidence at trial. After viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could be persuaded beyond a reasonable doubt that the Cummings committed these offenses. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

 Finally, Cummings alleges that the admission of inadmissible hearsay statements rendered his trial fundamentally unfair. The California Court of Appeal agreed that the trial court committed evidentiary errors under California law but found them to be innocuous. Even if the evidentiary errors amounted to a due process constitutional violation, Cummings has not demonstrated how these evidentia-

ry errors had a substantial and injurious effect in determining the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

AFFIRMED.